# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:25-cv-00159-KDB-DCK

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC, | |
| *Plaintiff*, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| LAKE CRUISES, INC. and DEBORAH BOGGS HARWELL, | |
| *Defendants*. | |

NOW COME DEFENDANTS Lake Cruises, Inc. ("Lake Cruises") and Deborah Boggs Harwell ("Ms. Harwell") (collectively, "Defendants"), by and through the undersigned counsel, and hereby submit their Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint, ECF 24.

## FACTS

For the sake of efficiency, Defendants respectfully point this Court to Defendants' Memorandum of Law in Support of Motion to Dismiss Amended Complaint, ECF 22, for Defendants' presentation of the facts underlying this case.

On October 2, 2025, Plaintiff filed their original Complaint, apparently seeking a declaration "pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 et. seq." that Plaintiff has the right to control activities, structures, and the movement of vessels upon Lake Norman. ECF 1, 8. Plaintiff further seeks damages and an injunction for Defendants' alleged trespass upon Lake Norman. ECF 1, ¶¶ 10-11; ECF 15, ¶¶ 50-60.

On or around November 25, 2025, Defendants filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, principally arguing that Plaintiff had failed to

1

establish that a substantial federal question underlies its original Complaint. ECF 11. On December 15, 2025, Plaintiff filed an Amended Complaint, adding or expanding upon several allegations in an effort to bolster the alleged federal question upon which they must rely in order to invoke this Court's jurisdiction. ECF 15. As set forth below, Plaintiff has still failed to establish that this Court has subject matter jurisdiction over this case, and because Plaintiff originally brought its Complaint in this Court, the action must be dismissed.

## STANDARD OF REVIEW

A court must establish that it has subject matter jurisdiction, as a threshold matter, before assessing the merits of any case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (reaffirming that "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception'"). A federal court "is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing Fed.R.Civ.P. 12(h)(3)). "It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Id.* at 654 (citing *Thomson v. Gaskill,* 315 U.S. 442 (1942)).

## ARGUMENT

I.     **Plaintiff does not plausibly allege any cognizable claim which arises under federal law, and this Court thus lacks subject matter jurisdiction.**

Plaintiff attempts to bolster its "federal law" angle by stating emphatically that "[r]egardless of any arguments made by Defendants in the Motion, the fact remains that this is a case about Duke Energy's rights and obligations as the FERC licensee for the Project, pursuant to the FERC license requiring Duke Energy to enforce the SMP and any violations thereof." ECF 24, p. 3.

Defendants have already established before this Court that—to summarize briefly—a federal claim must be "substantial" in order to invoke subject matter jurisdiction, the burden is upon the plaintiff to make such a showing, and that the federal Declaratory Judgment Act, § 28 U.S.C. § 2201 et seq. ("DJA"), is insufficient as a matter of law for conferring subject matter jurisdiction in federal court. See ECF 22, pp. 4-6 (citations omitted).

Further, as to cases which implicate substantial state-law concerns, the Supreme Court of the United States has clearly explained that "federal jurisdiction … will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Federal courts have unanimously and emphatically held that "the [DJA] does not provide an affirmative cause of action where none otherwise exists." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022) (citing *Schilling v. Rogers*, 363 U.S. 666, 677 (1960)); *see also Chevron Corp. v. Naranjo*, 667 F.3d 232, 244–45 (2d Cir. 2012) ("[T]he DJA ... does not create an independent cause of action."); *Malhan v. Sec. U.S. Dep't of State*, 938 F.3d 453, 457 n.3 (3d Cir. 2019); *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) (en banc); *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) ("[T]he plaintiffs have not alleged a cognizable cause of action and therefore have no basis upon which to seek declaratory relief. Nor does the [DJA] ... provide a cause of action."); *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007); *Hanson v. Wyatt*, 552 F.3d 1148, 1157 (10th Cir. 2008).

Here, as a threshold matter, Plaintiff appears to concede that the the DJA cannot serve as a basis for this Court's subject matter jurisdiction, arguing that "Defendants ignore [the Federal

Power Act and related regulations] entirely in their Motion, incorrectly claiming that Duke Energy solely bases its federal jurisdictional allegations on the Declaratory Judgment Act …."

But indeed, Plaintiff *does* unquestionably rely solely upon the DJA, as they state no other cause of action arising under nor authorized by any other statute in their Amended Complaint. What Plaintiff attempts to do in order to save their Complaint, which they brought in the wrong court, is convince this Court that an action for declaratory judgment can be brought in order to enforce statutes which do not themselves provide private causes of action; it should go without saying that this is disallowed, but thankfully, it need not go without saying, because it has already been said by every United States Court of Appeals to have ruled upon the issue, as displayed above.

Plaintiff appears to assert, somehow, that it has a federal cause of action arising under the Federal Power Act ("FPA"), 16 U.S.C. §§ 791–828c, and its attendant regulations, but Plaintiff points to no statutory section nor case law which provides that a private cause of action exists thereunder. In fact, if such a cause of action did specifically exist, Plaintiff presumably would have pleaded it instead of attempting to couch the claim as one under the DJA in the first place. Which is it, that Plaintiff's "federal" cause of action arises under an unstated, unpleaded federal statutory section which allows for a private right of action under the FPA, or from the DJA in an effort to interpret the FPA?

If the former, Plaintiff has unequivocally failed to state a claim, and if the latter, Plaintiff has clearly failed to establish subject matter jurisdiction, because such jurisdiction cannot be based solely upon the DJA. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-672 (1950) (holding that the DJA cannot serve as an independent basis for conferring federal question jurisdiction); *Capitol Broad. Co., Inc. v. City of Raleigh, N. Carolina*, 104 F.4th 536,

540 (4th Cir. 2024) ("[T]o ensure that the [DJA] is not used by district courts to wade into nonfederal waters, we must assure ourselves that subject matter jurisdiction would lie between the parties even in the absence of the [DJA].").

The answer to the previous question is that Plaintiff has already admitted that their basis for subject matter jurisdiction is the DJA: "Defendants' Motion conveniently omits that Duke Energy *is seeking a declaratory judgment* of rights and obligations arising under the FPA …" ECF 24, p. 5. It does not matter that the "statute" or "regulations" they are seeking to have "interpreted" is a federal one; the DJA absolutely does not create causes of action for statutes which provide none. Additionally, the DJA is insufficient on its own for the invocation of subject matter jurisdiction, and the DJA provides the only federal cause of action which was at all pled in Plaintiff's Amended Complaint.

As such, this Court lacks subject matter jurisdiction over Plaintiff's Amended Complaint, which in truth is an elaborately and purposefully muddled claim for trespass to land, and the case should be dismissed.

II.     **Any "federal issue" raised by Plaintiff is unnecessary to the case, and federal question jurisdiction cannot arise by virtue of anticipated defenses.**

Next, Plaintiff argues that "Defendants' Motion entirely ignores that federal courts have consistently held that a FERC licensee can seek interpretation of their SMPs in federal court and that *a dispute about the scope of a FERC licensee's powers under the FPA* presents a federal question …." ECF 24, p. 6 (emphasis added).

Defendants largely ignored this non-binding "precedent" because the burden is not generally upon Defendants to defeat subject matter jurisdiction, and because it is an irrelevant point. It would appear that in most of the non-binding cases cited by Plaintiff for the above proposition, a federal question was presented by the party *suing* the FERC licensee. See ECF 24,

pp. 7-8. In this case, by contrast, the FERC licensee is suing someone else, and anticipating a challenge to its own FERC-license powers as the basis for federal question jurisdiction. Unfortunately for Plaintiff's position, it is axiomatic that an anticipated defense arising under federal law does not confer federal jurisdiction. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 2 (1983). The remainder of the non-binding cases cited by Plaintiff are also readily distinguishable from the one at bar.

Another problem with Plaintiff's entire case is that they concede that in order for this Court to have jurisdiction, their Amended Complaint would have to "necessarily raise[] a stated federal issue." ECF 24, p. 7 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). But Plaintiff also alleged that it "owns" "the lakebed" "in fee simple" and that Defendants' boats are trespassing upon that lakebed, and Plaintiff seemingly understands that the remedies it seeks would thus be equally available in a state-court trespass action, which is why it specifically brought that claim as well. It is genuinely quite difficult to reconcile Plaintiff's own positions here, and it is especially difficult to fathom why this case was brought in federal court in the first place when Plaintiff effectively surrenders that the DJA action is unnecessarily raised when brought in conjunction with an action for trespass.

Specifically, Plaintiff argues that "no defendant should be able to strip a FERC licensee's rights pursuant to federal law—and its right to a federal forum to determine those rights—simply because the defendant alleges some state law cause of action in state court might possibly accomplish the same purpose." ECF 24, p. 13.

If this assertion by Plaintiff is correct, then it must logically be true that the Supreme Court of the United States simply (and repeatedly) erred when it held that federal question jurisdiction is absent if there is a substantial state interest and the complaint does not

"*necessarily* raise" a federal issue. *See Gunn v. Minton*, 568 U.S. at 258; *Grable*, 545 U.S. at 314. After all, the term "necessary" might very well mean "required whether Duke Energy likes it or not"—if the state-law claim would accomplish the same purpose as the federal action, then the purported federal claim is, by definition, *not* "necessarily raised," and this Court does not have subject matter jurisdiction in this case.

Plaintiff's assertion that their state-law claim is "legally secondary to Duke Energy's rights as a FERC licensee" because of the Supremacy Clause, (U.S. Const. Art. VI, Cl. 2) ECF 24, p. 13, is a preposterous stretch of the law—almost so much so that it may be impossible to find case law with which to refute it, as such a theory may well have never been woven before Plaintiff just arrived at it.

Plaintiff does not sufficiently explain why "the existence of the Unauthorized Vessels in their current location … necessarily involves more than just a state law trespass claim," ECF 24, p. 15, particularly where Plaintiff has already conceded and must concede that the injunctive remedy they seek could be obtained via the state-law claim for trespass, a sort of claim which has likely been recognized for approximately as long as there has been an anglicized system of laws.

Despite the creative elaborations as to what it is that Plaintiff seeks to have the Court declare, *id.*, pp. 15-16—but apparently not pursuant to the Declaratory Judgment Act, according to Plaintiff earlier in its brief—the only arguable controversy before this Court is whether and to what extent Defendants are allegedly trespassing upon property allegedly controlled, owned, or otherwise under the care of Duke Energy. Notwithstanding the lack of alleged or established authority by which this Court can issue a declaratory judgment outside of the DJA, none of the specified "declarations" sought by Plaintiff are actively in controversy between the parties to this action. Instead, it seems, Plaintiff is either anticipating such controveries or seeking to have this

7

Court set further precedent as some deterrent to others in the future not to question Plaintiff's immense power in the Carolinas (as though the citizens of this State need be reminded).

One further contradiction: Plaintiff argues that "the Project, of which Lake Norman is only one part, reaches beyond [the Carolinas] … and thus requires consistent, federal interpretation." ECF 24, p. 9. However, Plaintiff also argues that they are "not seeking to have the Court declare the parties' rights and obligations … with respect to the entire federal government," but that its declarations should apply only to the parties to this case. *Id.*, pp. 17-18. But then again, Plaintiff asserts that "[t]his case is not just a state law trespass case but implicates the federal system as a whole because it involves the ability of a FERC licensee to control" the subject of its licensure. *Id.*, p. 19.

In an attempt to summarize the un-summarize-able, Plaintiff is asking the Court (1) for a series of declarations made under the DJA but at the same time not under the DJA, (2) to interpret the FPA pursuant to the DJA, the relationship between the two somehow providing a justiciable federal question where neither statute could do so on their own; (3) to find that the "federal" claim is necessary despite conceding that Plaintiff could obtain the same remedy under state law; (4) to find that the Supreme Court of the United States is wrong in requiring that a federal question must "necessarily" be raised in order to confer federal jurisdiction; (5) to find that the Supreme Court of the United States is wrong in stating that an anticipated defense arising under federal law cannot confer federal jurisdiction; and (6) to confine its judgment so that it only applies to the parties of this case, but also make it broad so that it encompasses this case's effects upon the federal system as a whole, but also not.

Defendants thus ask this Court to sift through the above murkiness and to find that it lacks subject matter jurisdiction over this case for the reasons described herein.

### III. Plaintiff has failed to plausibly allege the elements required for piercing the corporate veil.

Plaintiff argues that Defendants have "conflated" the procedural pleading requirements, which are governed by federal law, with the substantive elements of a veil-piercing claim, which is governed by state law. See ECF 24, p. 20. This is true, insofar as the two must be conflated. The procedural requirement in federal court, to put it simply, is that a plaintiff state a claim which is "'plausible on its face,'" *Matherly v. Andrews*, 859 F.3d 264, 274 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, the elements required to be pled for a state-law claim are central to an assessment as to whether one has "plausibly" pled such a claim. Indeed, an analysis of the elements of a state-law claim *must* be conflated with the procedural plausibility requirement as a matter of basic logic.

Plaintiff makes one further argument on this front: Plaintiff argues that, seemingly as a *per se* rule, veil-piercing claims can never be dismissed because such claims are fact-intensive. ECF 24, p. 21. For one thing, Plaintiff's own non-binding cases support the notion that each element of a veil-piercing claim must be plausibly alleged in the Fourth Circuit, lest the claim be dismissed. *See id.*, p. 20 (citing *Johnson v. Cricket Council USA, Inc.*, 658 F.Supp.3d 276, 284 (E.D.N.C. 2023)). For another, Plaintiff offers some district court cases denying motions to dismiss veil-piercing claims as "premature," but points to no authority whatsoever which dictates that a veil-piercing claim somehow requires a *less* stringent pleading standard than "plausible." Plaintiff's position, that a party can sustain a veil-piercing claim without plausibly pleading the claim's necessary elements because eventually proving the claim would require discovery, is inventive indeed, but it also must contend with virtually all judicial precedent this country has ever produced as to pleading requirements.

As already shown, Plaintiff's Amended Complaint does not offer any actual facts which would tend to support an entitlement to the piercing of Lake Cruises' corporate veil. The idea that extensive discovery could theoretically be required to prove the claim at trial does not absolve a plaintiff of the burden of at least plausibly alleging some facts which align with the required elements of the claim. Plaintiff was on notice when it filed its lawsuit that it must plausibly allege the elements of its causes of action, and it did not do so, and so its veil-piercing claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim—unless this Court dismisses the entire action pursuant to Rule 12(b)(1), as Defendants believe would be proper.

Respectfully submitted,

THIS the 10th day of March, 2026.

**TLG Law**

_____
Benjamin J. Axelman
(N.C. Bar #62239)
David G. Redding
(N.C. Bar #24476)
2907 Providence Rd. #303
Charlotte, NC 28211
baxelman@tlg-law.com
dredding@tlg-law.com
*Attorneys for Defendants*

10

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that Defendants' REPLY IN SUPPORT OF MOTION TO DISMISS complies with the Court's June 18, 2024 order related to the use of Artificial Intelligence. The undersigned hereby avers as follows:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg; and

2. Every statement and citation to an authority contained in this document has been checked by an attorney in this case and/or paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

THIS the 10th day of March, 2026.

**TLG Law**

_____
Benjamin J. Axelman
(N.C. Bar #62239)
David G. Redding
(N.C. Bar #24476)
2907 Providence Rd. #303
Charlotte, NC 28211
baxelman@tlg-law.com
dredding@tlg-law.com
*Attorneys for Defendants*

11

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing REPLY IN SUPPORT OF

MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which will send a

copy to all counsel as follows:

Joshua D. Spencer
HAYNSWORTH SINKLER BOYD, P.A.
ONE North Main Street, 2nd Floor (29601)
P.O. Box 2048
Greenville, South Carolina 29602-2048
Phone: (864) 240-3200
Fax: (864) 240-3300
jspencer@hsblawfirm.com

*Attorney for Plaintiff*

THIS the 10th day of March, 2026.

**TLG Law**

_____
Benjamin J. Axelman
(N.C. Bar #62239)
David G. Redding
(N.C. Bar #24476)
2907 Providence Rd. #303
Charlotte, NC 28211
baxelman@tlg-law.com
dredding@tlg-law.com
*Attorneys for Defendants*

12
